### CAMPUS TRAVEL, Inc. v. UNITED STATES et al.

District Court, S. D. New York.
June 27, 1947.

712

Henry P. Goldstein, of New York City, for plaintiff.

Nelson Thomas, of Washington, D. C., for Interstate Commerce Commission.

Harold J. Drescher, of New York City, for certain intervening carriers.

Before L. HAND, Circuit Judge and BRIGHT. and RIFKIND District Judges.

L. HAND, Circuit Judge.

■ The only difference between the situation at bar and that before the court in Crescent Express Lines v. United States,[4] is that here the service was "terminal-to-terminal," and not "door-to-door." It is true that the plaintiff employed buses between New York and Tamiment; but it never established a service from New York to Philadelphia via Tamiment, and our decision turns upon whether it would be a "qualitative" change to substitute buses for sedans on the second and third routes above mentioned. The plaintiff says that it would not, and in support of its position especially relies upon that part of the opinion of Reed, J., in which, after saying that it was the "carrier's business" which may not be changed, he characterized the "business" in that case as a "house-to-house" service (320 U.S. at page 407, 64 S.Ct. at page 170, 88 L.Ed. 127). It is of course true that this was a relevant circumstance; and it is a distinction not to be disregarded here as well, as the dissent in the Commission proves. To substitute buses for sedans in a "house-to-house" service (it is hard to conceive of such a change as possible), would indeed be a much greater modification than to do the same thing in a "terminal-to-terminal" service like that at bar. Nevertheless, we do not think that Reed, J., should be understood to mean that the "business" in a "terminal-to-terminal" service is to be judged merely by the terminals.

[4] 320 U.S. 401, 64 S.Ct. 167, 88 L.Ed. 127.

The vehicles in which they are carried make a great difference to the passengers themselves—travelling by sedan is quite unlike travelling by bus. Moreover, the passengers' interests are not the only ones to be considered; or indeed the chief interests. A fleet of sedans adds to the traffic only so many more touring cars; a fleet of buses burdens the highways in quite a different way. We do not of course undertake to say which is the greater burden—given the same number of passengers to be carried—for it is enough if the difference is one of "quality," not "quantity." It seems to us difficult to understand how that can be debated; and once it is granted, plainly it is for the Commission to pass upon such a change as a new question.

It must be remembered that the proviso which forbids any restriction of "quantity" in a certificate is in § 208(a), a section which covers certificates of all sorts; those granted after a determination of "public convenience and necessity," as well as those of the kind now before us—under the "grandfather clause." If this plaintiff may make the change it claims, it will follow that, if the Commission sees fit under § 208(a) to issue a certificate of "public convenience and necessity" de novo to a carrier by sedan over a "terminal-to-terminal" route, that carrier will be free to change to as many buses as in course of time any increase in its service may demand. Surely it cannot be true that every time a certificate of "public convenience and necessity" is granted after a full consideration of the facts—among them the added burden to highway travel—the Commission must forecast and appraise the effect not merely of an increase in the number of vehicles of the kind being used at the moment, as undoubtedly it must; but the effect of any possible changes in the kind of vehicles in which increased travel may be more conveniently carried. When one considers the indefinite possibilities of change in motor vehicles, it would go far to nullify the value of the Commission's control over the traffic, to hold that all certificates, however justified when made, give to their holders so ample a latitude. We cannot read the definition of "business" in the decision cited above as intended to go so far.

 The plaintiff's talk of "discrimination" is an afterthought. Moreover, if the Commission has granted such certificates in the past—which apparently consciously it never has done—they should not become the basis for perpetuating and making general a violation of the Act.

The complaint will be dismissed.